IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CENTURYTEL OF FAIRWATER-BRANDON-ALTO,
LLC;  CENTURYTEL OF FORESTVILLE, LLC;
CENTURYTEL OF LARSEN-READFIELD, LLC;
CENTURYTEL OF MONROE COUNTY, LLC;
CENTURYTEL OF NORTHERN WISCONSIN, LLC;
CENTURYTEL OF SOUTHERN WISCONSIN, LLC;
CENTURYTEL OF MIDWEST WISCONSIN, LLC;
CENTURYTEL OF WISCONSIN, LLC,

                      Plaintiffs,

   v.

CHARTER FIBERLINK, LLC,

                      Defendant.

ORDER

08-cv-0470-slc

---

     This civil case for monetary relief is before the court for a determination of attorney's fees and costs.  As explained below,  I am shifting $32,200 in fees, plus plaintiffs' itemized costs of $1,910.13.

     Plaintiffs originally filed this lawsuit in Wisconsin state court on claims of unjust enrichment and conversion.  Defendant removed the lawsuit to this court on the ground of federal question and diversity jurisdiction.  Defendant later withdrew its assertion of diversity jurisdiction because the parties are not completely diverse.  In an order entered November 24, 2008, I granted plaintiffs' motions for remand to the Circuit Court of La Crosse County because defendant failed to show that plaintiffs' state law claims contained a question of federal law that required a federal forum.  Because I found that defendant lacked an objectively reasonable basis for removal, I granted plaintiffs' motion for costs and expenses of pursuant to 28 U.S.C. § 1447 (c) and directed plaintiff to file an itemization of the fees incurred in moving for remand.

     Plaintiffs have submitted their bill for reimbursement totaling $43,964.63 for the investigation and preparation of briefs relating to plaintiffs' motion to remand, defendant's

motion to dismiss, the motion for attorney's fees, and drafting the Rule 26(f) reports. Defendant responds that plaintiffs' claim is unreasonable. In particular, defendant contends that plaintiffs seek fees for motions unrelated to the removal action, fails to adequately describe the work performed and requests fees that are excessive in relation to the work performed. As discussed below, I conclude that deductions are necessary.

### A. Standard for Attorneys' Fees in Removal Actions

Section 1447 (c) authorizes " just costs and any actual expenses, including attorney fees, incurred *as a result* of the removal." 28 U.S.C. 1447 (c) (emphasis added).  Under § 1447(c), a party may be awarded costs and fees "as soon as the process of removal is undertaken and until and including the process of remand." *Tenner v. Zurek*, 168 F.3d 328, 330 (7th Cir. 1999). The Court of Appeals for the Seventh Circuit has compared § 1447(c) to the fee shifting rule of Fed. R. Civ. P. 37(a)(4) that "contemplate[s] that the victor should recoup his full outlay" for defending an unjustified removal. *Wisconsin v. Hotline Industries, Inc.*, 236 F.3d 363, 367 (7th Cir. 2000).  Because improper removal prolongs litigation and jacks up fees, "the party who wrongfully drags [another party] into a second judicial system . . . must expect to cover the incremental costs." *Id.* at 367-68.

### B. Fees Unrelated to Removal

Defendant first contends that plaintiffs' work in responding to defendants' motion to dismiss and drafting Rule 26(f) reports should not be awarded under §1447 because this work is unrelated to removal. In support of its argument, defendant cites *Tenner* for the proposition

that only fees and costs "directly related to removal" may be awarded under § 1447. 168 F.3d 328 at 330. But the court did not hold that only fees related to removal could be awarded under 1447(c), it merely affirmed the district court's award of fees related to removal. Neither the statute nor the case law support defendant's contention that only fees associated with a removal action are proper under 1447(c). In fact, the statute appears to suggest that *all* fees resulting from removal could be awarded. Therefore, if the party who has been removed into federal court were required to file additional motions or travel to the courthouse to appear for a hearing because of an improperly removed case, then these expenses could be recovered.

That being so, I agree with defendant that plaintiffs' costs associated with both the motion to dismiss and the Rule 26(f) report are a bit high. Plaintiffs' counsel spent about four hours working on issues related to filing a motion to stay defendant's motion to dismiss and most of this work was performed by a senior attorney. Because this court would need to determine a motion for remand prior to defendants' motion to dismiss, which plaintiff concedes, *see* dkt. 32, plaintiffs' counsel should not have spent this much time dealing with the issue when it could have resolved the issue by directly contacting defendant. Therefore, I will reduce the fees plaintiffs may recover for this work by three-quarters of the time spent on the matter, reducing this to $450.

I am reducing plaintiffs' requested fees for its Rule 26(f) report because as defendant observes, the matters contained in this report are largely ministerial and therefore need not have been terribly time-consuming. Any substantive portions of the report were capable of efficient recitation due to counsel's familiarity with the issues from the arbitration proceedings before the

3

American Arbitration Association. *See* Rule 26(f) Report, dkt. 21. I will award plaintiffs $1,080[1]  for having to spend time preparing a trial schedule and discovery plan for the Rule 26(f).

### C. Description of the Work Performed

Defendant contends that the award of fees and costs should be reduced because plaintiffs have submitted an itemization of costs in a block billing format that makes it difficult to assess how much time was spent on different facets of the litigation. In support of its argument, defendant cites to two district courts cases in other circuits, *Geismann v. Aestheticare, LLC*, 2008 WL 2549009, *3 (D. Kan. 2008) (court has discretion to deny block-billed time if entry contains unreasonable activities); *Alexander v. Amchem Products, Inc.*, 2008 WL 1700157, at *8, n. 9  (S.D.N.Y. Apr. 3, 2008) ("because block billing-or, the practice of aggregating multiple tasks into one billing entry-'renders it difficult to determine whether, and/or the extent to which, the work done by . . . attorneys is duplicative or unnecessary, courts apply 'percentage cuts' where, as here, there is a substantial amount of block billing in a fee request . . ." (citation omitted)), and identifies a number of block billed items in plaintiffs itemization of costs.

As an initial matter, not all of the entries identified by plaintiff contain "block-billed" entries, some merely contain what defendant contends are duplicative entries. See Dft.'s Opp., dkt. 25, Ex. A., at 1-2, n. 1-2. More to the point, defendant's suggestion of a standard reduction for block-billing ignores the reality of modern legal practice. In this case, after plaintiffs were removed to federal court, their lawyers were required quickly to address several different legal

---

[1] Plaintiff spent 10 hours on the report for a total cost of $3,602.50, an average of $360 an hour. My reduction reflects three hours of work on the report.

and procedural issues without knowing in advance the likelihood of success or merit to any of these arguments. For example, plaintiffs had to research federal question and diversity jurisdiction, only to have defendant withdraw its diversity argument; should plaintiffs' counsel be penalized for engaging in research regarding diversity as well as federal question jurisdiction in the same billing entry? In a lawyer's perfect world of long deadlines, relaxed clients and inattentive courts, perhaps counsel could compartmentalize and sequence their research and drafting into discrete topics. But commercial litigation in federal court is more like the control tower at O'Hare at Thanksgiving: too much stuff in the air heading in too many directions at too high a speed. Given these realities, I will not reduce plaintiffs' requested fees based on the mere use of block billing.

### D. Excessive Fees for the Work Performed

Defendant objects to the amount of time plaintiffs' counsel spent preparing the brief and reply for remand and attorney's fees. With respect to the amount of hours spent on the motion for remand, a client's willingness to pay for the services rendered by counsel creates a presumption of the reasonableness of the fees. *See Taco Bell Corp. v. Continental Cas. Co.* 388 F.3d 1069, 1076 (7th Cir. 2004) (parties have an incentive to minimize legal expenses because they might not be able to shift them; where there are market incentives to economize, there is no occasion for a painstaking judicial review); *Balcor Real Estate Holdings, Inc. v. Walentas-Phoenix Corp.*, 73 F.3d 150, 153 (7th Cir. 1996) (Courts award fees at the market rate, and the best evidence of the market value of legal services is what people pay for it. Indeed, this is not

"evidence" about market value; it is market value.  The best guarantee of reasonableness is willingness to pay).

In this case, plaintiffs paid the fees charged by counsel, which renders the fees presumptively reasonable.  Morever, plaintiffs' counsel made a concerted effort to reduce costs by assigning most of the research and drafting to associates with lower billing rates.  As a result, plaintiffs' counsel billed at an average rate of $295/hr.  Ninety-eight hours spent on researching, determining and drafting briefs regarding the existence of federal and diversity jurisdiction is a lot but, under the circumstances, it is not unreasonable.  In addition to questions regarding jurisdiction, counsel faced questions about full or partial pre-emption pursuant to the Telecommunications Act of 1996.  Plaintiffs' approach was not wasteful or unreasonable.  Therefore, I will award plaintiffs' requested attorney's fees regarding research related to matters surrounding remand in the amount of $29,177.00.

I note, however, that the market value presumption loses vitality after the court has ordered fees shifted.  If someone else is buying lunch, why not order lobster bisque instead of grilled cheese?  There's a sense of this in plaintiffs' claimed costs arising from the instant motion for attorney's fees.  Plaintiffs' counsel spent over 21 hours and close to $7,449.50 preparing this motion at an average cost of $354 an hour, meaning that a large portion of the work was conducted by senior attorneys.  Twenty-one hours is a lot of time to prepare a six page motion and four page affidavit summarizing counsels' legal strategies, the standard for attorney's fees, and counsel's bios and billing rates.  These attorneys all have won fee shifting motions before, so most of this information should have been in a word processing boilerplate folder, ready to tailor to the instant case.  No issue appears to have required extensive research or argument that

would entail such a large expenditure of time. I do not doubt that the time claimed was time actually spent, but we're sticking with grilled cheese on this one. I will only award plaintiff $1,500 for fees related to filing this motion.

ORDER

Pursuant to 28 U.S.C. § 1447(c), it is ORDERED that not later than May 8, 2009 defendant shall pay to plaintiffs $32,200.00 in attorney's fees and $1,910.13 in costs.

Entered this 7th day of April, 2009.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge